DECISION AND JUDGMENT ENTRY
{¶ 1} Ian M. Duran appeals his five-year sentence by the Ross County Court of Common Pleas for felonious assault, a second-degree felony, in violation of R.C. 2903.11. On appeal, Duran contends that his sentence is contrary to law and that the trial court's sentencing entry accurately reflects the sentence for the felonious assault but mistakenly states that it dismissed count "one" instead of count "two." Because Duran and the state jointly recommended the sentence that the trial court imposed, and because the sentence does not exceed the maximum sentence that the statute permits a trial court to impose, Duran's sentence is authorized by law and is not subject to review by this court. *Page 2 
Accordingly, we overrule Duran's two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} While serving a Hancock County sentence at the Ross Correctional Institution, Duran allegedly assaulted another inmate. The correctional officers' investigation found that the incident began by Duran and the victim yelling at each other. When officers responded, they found the victim in a cell lying on his face and bleeding. The victim told the officers that Duran hit him with a pipe. The officers found a bedpost on the floor under the bed. When the officers searched Duran's cell, they found a bedpost missing.
 {¶ 3} The Ross County Grand Jury indicted Duran in count one for felonious assault, a second-degree felony, in violation of R.C. 2903.11
and in count two for possession of a deadly weapon while under detention, a first-degree felony, in violation of R.C. 2923.131. Pursuant to a plea agreement, Duran entered an Alford plea to the felonious assault charge in exchange for (1 ) the dismissal of the charge of possession of a deadly weapon while under detention and (2) a jointly recommended sentence of five-years. The court dismissed the possession of a deadly weapon while under detention charge in count two of the indictment, found Duran guilty of the felonious assault charge in count one, and sentenced Duran to five-years in prison to run consecutive to Duran's current Hancock County sentences.
 {¶ 4} The state and Duran agree that the trial court's sentencing entry accurately reflects Duran's sentence for the felonious assault offense except it *Page 3 
states that the court incorrectly dismissed count "one" instead of count "two" of the indictment.
 {¶ 5} Duran filed a notice of appeal. His attorney on appeal, pursuant to Anders v. California (1967), 386 U.S. 738, filed a motion to withdraw as counsel, notifying this court that he could not find a meritorious issue for appeal. Duran's attorney also filed a brief outlining two potential assignments of error.
 {¶ 6} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1 ) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. Id.
 {¶ 7} Upon receiving an Anders brief, we must "conduct 'a full examination of all the proceedings to decide whether the case is wholly frivolous." ' Penson v. Ohio (1988), 488 U.S. 75, 80, quotingAnders, 386 U.S. at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent, (Mar. 4, 1998), Jackson App. No. 96CA794; State v. Hart, (Dec. 23, 1997), Athens App. No. 97CA18. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may *Page 4 
address the issues. Anders, 386 U.S. at 744; Penson, 488 U.S. at 80; see, e.g., State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29.
 {¶ 8} Here, Duran's counsel satisfied the requirements inAnders. Duran did not file a pro se brief. Accordingly, we will examine counsel's potential assignments of error, and the entire record below to determine if this appeal lacks merit. Counsel raises the following two potential assignments of error: I. "The sentence imposed by the trial court is contrary to law." And, II. "The court erred in its sentencing entry by noting the dismissal of count one of the indictment, the felonious assault charge, and then convicting the appellant of felonious assault."
 II. {¶ 9} We will address Duran's potential first and second assignments of error together because both concern sentencing issues. Duran contends that his sentence is contrary to law and that the sentencing entry reflects that the court dismissed count "one" when it should reflect that the court dismissed count "two."
 {¶ 10} R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 11} Duran does not dispute that he and the prosecution recommended his sentence jointly and that the sentencing judge imposed it. Thus, the only question before us is whether the law allows his sentence. A jointly recommended sentence is "authorized by law" if the sentence does not exceed *Page 5 
the maximum sentence that the statute permits a trial court to impose.State v. Schoolcraft, Pike App. No. 01CA673, 2002-Ohio-3583; State v.Martin, Lawrence App. No. 01CA24, 2002-Ohio-6140; State v.McMillen, Vinton App. No. 01CA564, 2002-Ohio-2863; State v. Benner (Aug. 1, 2001), Athens App. No. 00CA32; State v. Riley (June 12, 2001), Athens App. No. 00CA44; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07.
 {¶ 12} Here, the sentencing entry accurately reflects that the trial court found Duran guilty of felonious assault, a felony of the second degree. The maximum prison term that a trial court can impose for a felony of the second degree is eight years. Duran received five years in prison. Hence, Duran's sentence did not exceed the maximum allowed by law. Consequently, Duran's sentence is authorized by law and is not subject to review by this court.
 {¶ 13} Accordingly, we overrule Duran's first and second potential assignments of error advanced by his counsel.
 {¶ 14} Upon our independent review of the record, we conclude that Duran's counsel provided Duran with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson, supra;State v. Jordan, Vinton App. No. 03CA583, 2004-Ohio-1064. Hence, we find that no grounds exist to support a meritorious appeal.
 {¶ 15} Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1