[Cite as *State v. Davis*, 2010-Ohio-5294.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Geoffrey A. Davis, | : | |
| Defendant-Appellant. | : | **Released 10/21/10** |

_____
APPEARANCES:[1]

Geoffrey A. Davis, Noble Correctional Institute, Caldwell, Ohio, pro se.

Chandra L. Ontko, Cambridge, Ohio, for appellant.
_____

Harsha, J.

{¶1}    In 2005 Geoffrey Davis was convicted and sentenced for felonious assault and abduction.  Later, the trial court resentenced Davis after it became clear that his sentencing entry failed to properly indicate that a period of post-release control was "mandatory," rather than discretionary.  Davis' appointed counsel has reviewed the record of the resentencing hearing and can discern no meritorious claims for appeal.  Accordingly, under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, counsel has moved to withdraw and presented us with two potential assignments of error.  Additionally, Davis has filed a pro se brief setting forth additional proposed assignments of error.

{¶2}    First, appointed counsel suggests that Davis was prejudiced when the court refused to allow him to confer privately with his attorney at the start of the

---
[1] The State did not enter an appearance or file a brief in this case.

resentencing hearing. Davis implies that his constitutional right to the assistance of counsel was violated. However, the resentencing hearing was limited to imposing a statutorily required term of post-release control, i.e., it was purely ministerial in nature. Consequently, this resentencing hearing was not a "critical stage" of the proceedings at which Davis could arguably claim a denial of the right to counsel. Accordingly, this potential assignment of error lacks arguable merit.

{¶3}   Next, appointed counsel suggests that the court erred when it reimposed the same sentence it previously imposed upon Davis. Appointed counsel suggests that the failure to include the word "mandatory" in the earlier judgment entry concerning post-release control made that sentence void. Thus, counsel argues the trial court did not realize that the new resentencing hearing was not merely a "formality" but rather a de novo hearing where the court could have considered sentencing Davis anew. However, pursuant to R.C. 2929.191 and the Supreme Court of Ohio's analysis of that statute in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, Davis' earlier sentence was not void and could be properly "corrected" through the procedures set forth in that statute. Consequently, this potential assignment of error is also without arguable merit.

{¶4}   In his two additional pro se proposed assignments of error, Davis contends that the trial court abused its discretion for various reasons and that trial counsel was ineffective. Many of these arguments appear to be directed to Davis' unrelated and unsuccessful attempts to petition for post-conviction relief. Those issues are not properly within the scope of this appeal of his resentencing proceedings. His

remaining arguments concerning ineffective assistance of counsel are meritless based on res judicata and our conclusion that no arguable errors occurred at the resentencing.

{¶5}    Finally, after independently reviewing the record we agree with appointed counsel's assessment that the record contains no potential assignments of error with arguable merit.

{¶6}    Consequently, we grant appointed counsel's request to withdraw, find this appeal wholly frivolous under *Anders*, and affirm the judgment of the trial court.

## I.  Summary of the Facts

{¶7}    Davis was indicted in 2004 on one count of felonious assault and one count of abduction.  After a jury convicted him of these crimes in 2005, the court sentenced him to concurrent terms of imprisonment.  In his first direct appeal, we rejected his claim that his conviction for felonious assault was against the manifest weight of the evidence.  However, we agreed that his sentencing was unconstitutional in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and ordered that he be resentenced.  See *State v. Davis*, Washington App. No. 05CA50, 2006-Ohio-3549.

{¶8}    In 2006 the court conducted a resentencing hearing and imposed the same sentence it had previously issued, i.e., seven and four years to be served concurrently.  Davis appealed from this judgment entry, claiming that the imposition of "non-minimum" sentences violated certain rights under the constitution.  We rejected these arguments and affirmed the judgment of the trial court.  See *State v. Davis*, Washington App. No. 06CA39, 2007-Ohio-1281.

{¶9}    In 2009, Davis filed a motion for resentencing because the judgment entry of conviction from the first resentencing failed to state that post-release control was "mandatory."  Instead, the judgment entry stated that "a post release control period of three (3) years *may* be imposed by the Parole Board." (Emphasis added.)  In fact, Davis' convictions required mandatory post-release control.  Accordingly, the trial court scheduled another "resentencing hearing."  At this hearing, the trial court imposed the same sentence and later issued a nearly identical judgment entry to that used in the first resentencing.  However, this entry stated that post-release control was mandatory. Davis has appealed from this judgment entry.

## II. *Anders* Procedure

{¶10}  In *Anders,* the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal.  Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses.  Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if an arguably meritorious issue exists.  If so, the court must appoint new counsel and decide the merits of the appeal.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.

{¶11}  Here, appointed counsel satisfied the requirements set forth in *Anders.*

Additionally, Davis has filed a pro se brief setting forth additional proposed assignments

of error. Accordingly, we will examine appointed counsel's proposed assignments of

error, the proposed assignments of error raised by Davis, and the entire record to

determine if this appeal is wholly frivolous.

III. Potential Assignments of Error

{¶12}  Appointed counsel raises the following potential assignments of error:

1.  THE DEFENDANT ALLEGES THAT THE TRIAL COURT'S DENIAL OF THE
DEFENDANT'S ABILITY TO CONSULT WITH HIS ATTORNEY PRIOR TO HIS
RESENTENCING HEARING PREJUDICED HIM AND PREVENTED HIM FROM
ASSISTING HIS COUNSEL WITH HIS DEFENSE AND PREVENTED HIM
FROM BEING ABLE TO PROVIDE INFORMATION TO THE COURT
REGARDING SENTENCING.

2.  THE DEFENDANT ALLEGES THAT THE TRIAL COURT'S FAILURE TO
USE THE SPECIFIC WORD "MANDATORY" IN EXPLAINING TO THE
DEFENDANT THE CONSEQUENCE OF POST RELEASE CONTROL MADE
HIS ORIGINAL SENTENCE VOID.

{¶13}  Davis adds the following additional proposed assignments of error:

3.  TRIAL COURT ABUSED THEIR DISCRETION. [Sic.]

4.  APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶14}  In her first potential assignment of error, appointed counsel suggests that

Davis may have been prejudiced because the court refused his request to speak

privately with his attorney at the beginning of the resentencing hearing.  Davis claims he

had "issues" that he wanted to bring up with counsel prior to the hearing.  However,

appointed counsel implies that the trial court's decision was justified because the court

stated that the resentencing was "to address an issue which was correctly addressed by

the Court at the time of the initial sentencing and not correctly carried forward into the journal entry."

**{¶15}**  In her second potential assignment of error, appointed counsel suggests that Davis' first resentencing entry was void because the court failed to include the word "mandatory" in its journal entry when it indicated that he "may" be subject to three years of post-release control by the Parole Board.  But counsel posits that the sentence is not void because the trial court was merely correcting language in the journal entry to reflect what occurred on record during the initial sentencing hearing, i.e., correcting a scrivener's error, and because the resentencing hearing was a mere formality.

**{¶16}**  Because these potential assignments of error involve interrelated issues, we will address them together.

IV. The Resentencing Hearing

**{¶17}**  The following exchange occurred at the beginning of the resentencing hearing:

THE COURT: * * * Mr. Smith, are you accompanied by the Defendant in this case, Mr. Davis?

MR. SMITH: I am, Your Honor.  And he would like to speak to me privately before we go forward this morning.  I don't know if he wants me to ask for another date, or if he wants to do it this morning, but in light of the things that he's filed and the circumstances, I would ask the Court for an opportunity to speak to him privately.  I know he was brought here recently and yesterday was a holiday, so I did not have the opportunity to talk to him yesterday.

THE COURT:  Can you talk to him immediately after court this morning?

MR. SMITH: I – I can – yes, I can ta – I talked to him briefly before we got on the ben – before you got on the bench, Judge, and he wants to speak to me in privately [sic]. He has given me some stuff that I have actually read and I do have a copy of his PSI, but he wants to talk to me in private before we go forward in – on this matter.

THE COURT: Counsel, this is a resentencing. It's here for one reason and one reason only. That is to address an issue which was correctly addressed by the Court at the time of initial sentencing and not correctly carried forward into the journal entry. The Court, because this is, as far as the Court is concerned, a pro forma opportunity to correct the record, you can talk to Mr. Davis after this hearing. I understand that he's been filing things. I've been ruling on at least some of his requests as they've been filed.

**{¶18}** Thereafter the court permitted both the State and Davis' counsel to make statements concerning sentencing. The State asked the court to reimpose the previously imposed sentence. Davis' counsel argued that the original sentence was void, and that the court now had the opportunity to "go back and set aside the prior sentencing and start from square one." Davis' counsel then offered that Davis had been in prison for four and a half years, that he had been in the "honors dorm" for three years, participated in an "incentive program" in prison, that he had no "tickets," no "hole shots," and that his mother, 85 years-old, was still alive and had no other sons. Davis' counsel asked the court to release Davis immediately and give him credit for time served. Additionally, Davis' counsel read Davis' written statement into the record.

{¶19}  Davis argued in the written statement that the court was obligated to grant him a lesser sentence and release him on the basis of several United States Supreme Court, Supreme Court of Ohio, and appellate court cases.  The court stated that it understood these arguments, had heard them from Davis before, and was overruling them.

{¶20}  The court then asked Davis if he wished to add an oral allocution.  He declined.  The court then made several findings on the record concerning Davis' level of education, employment record, history of alcohol abuse, and financial status.  The court read into the record a list of recidivism and seriousness factors it found present, citing, among other matters, the seriousness of the crimes, Davis' prior criminal and traffic record, Davis' failure to express remorse for his actions, his history of substance abuse, and failure to respond favorably to past sanctions.

{¶21}  Then, the court sentenced Davis to a term of seven years on the felonious assault charge and four years on the abduction count, to be served concurrently, with credit for time served.  The Court also notified Davis that he would be subject to a mandatory period of three years of post-release control upon his release from prison.  Finally, the court notified Davis that he had a right to appeal his sentence.

A.  The Right to Counsel at a Resentencing Hearing and "Void" Sentences

{¶22}  The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Amendment VI, United States Constitution.  Similarly, but distinctly, the Ohio Constitution provides that "[i]n any trial, in any court, the party accused shall be

allowed to appear and defend in person and with counsel * * *."  Section 10, Article I,

Ohio Constitution.  When charged with a serious offense, once judicial proceedings

have commenced against an accused, the right to counsel attaches to all "critical

stages" of the proceedings.  See Crim.R. 44(A).  Normally, sentencing is a "critical

stage."  *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197.

{¶23}  Under the Ohio Constitution, the accused's right to counsel impliedly

includes the right to consult privately with his or her attorney.  *State v. Milligan* (1988),

40 Ohio St.3d 341, 342, 533 N.E.2d 724.  Under the federal Constitution, a denial of a

right to confer with counsel during a critical stage of the proceeding may violate the Due

Process clause of the Fourteenth Amendment.  *Hawk v. Olson* (1945), 326 U.S. 271,

278, 66 S.Ct. 116.

{¶24}  Initially we must determine whether this resentencing hearing constituted

a "critical stage" of Davis' trial.  If it was a critical stage, then Davis had the constitutional

right to the assistance of counsel and this denial of the right to confer with counsel could

arguably establish a constitutional violation.  If, however, it was not a critical stage, then

no constitutional rights are at stake and there is no arguable merit to the denial of

counsel claim.

{¶25}  A "critical stage" only exists in situations where there is a potential risk of

substantial prejudice to a defendant's rights and counsel is required to avoid that result;

in other words, counsel must be present "where counsel's absence might derogate from

the accused's right to a fair trial."  *United States v. Wade* (1967), 388 U.S. 218, 226, 87

S.Ct. 1926.  If the resentencing hearing was "de novo," then it is a "critical stage."  Davis

could potentially face a new sentence with increased jail time or conditions and counsel

would be required to assist Davis in making arguments on his behalf for sentencing. If, however, the resentencing hearing was merely ministerial, then it is not a "critical stage."

{¶26} Despite the fact that the trial court stated that the resentencing hearing was "pro forma," it did appear to engage in a typical de novo sentencing hearing, affording the State and Davis the opportunity to present arguments, allowing Davis the right to allocution, and reciting a list of recidivism and seriousness factors. However, the sentencing entry mirrors nearly verbatim the earlier sentencing entry. The only substantive change was the imposition of "mandatory" post-release control. Thus, in order to determine whether Davis faced a substantial risk of prejudice at the resentencing, we must determine whether the trial court was authorized to (and did in fact) conduct a de novo sentencing hearing.

{¶27} The answer to this question is controlled by counsel's second potential assignment of error, i.e., that Davis' first resentencing was "void." In *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, the Supreme Court of Ohio held that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Id. at paragraph one of the syllabus. Later, in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, the Court held that an offender is entitled to a de novo resentencing hearing when the trial court omitted notice of post-release control. Essentially, the Court held that when a trial court fails to inform the defendant of post-release control, it has imposed a sentence that is contrary to law, and the sentence is

void.  Id at ¶12.  And when a sentence is "void," it is treated as if there had been no sentencing hearing at all and the judgment is a "nullity." Id.

**{¶28}**  Our analysis might end here but for R.C. 2929.191.  That statute, enacted as part of H.B. 137, and made effective July 11, 2006, established a procedure that trial court's can follow if they wish to correct a sentence that failed to properly impose a term of post-release control.  In part it states:

> If, prior to the effective date of this section, a court imposed a sentence including a prison term * * * and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence * * * at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

**{¶29}**   R.C. 2929.191 is applicable to offenders not yet released from prison who (1) did not receive notice at the sentencing hearing that they would be subject to post-release control; (2) did not receive notice that the parole board could impose a prison term for a violation of post-release control; or (3) did not receive both of these notices incorporated into their sentencing entries.  *Singleton*, supra, at ¶23.

**{¶30}**  R.C. 2929.191(C) describes the type of notice and hearing that must occur before a court corrects a prior judgment entry that failed to include the required post-release control notice.  It prescribes that: (1) an offender has a right to notice about a hearing; (2) an offender has a right to be physically present at the hearing; and (3) both the offender and the prosecuting attorney "may make a statement as to whether the court should issue a correction to the judgment of conviction." R.C. 2929.191(C).

{¶31} In *Singleton*, the Court addressed the prospective and retrospective effect of R.C. 2929.191. It held that "1. For criminal sentences imposed prior to July 11, 2006, [the effective date of the statute], in which a trial court failed to properly impose post-release control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. 2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraph one and two of the syllabus. *Singleton* implicitly held that sentences imposed after July 11, 2006, which required the imposition of mandatory post-release control but which the defendant did not receive notice of, either at the hearing or in the sentencing entry, are not "void" sentences. But sentences handed down prior to the effective date of R.C. 2929.191 would be reviewed under the Court's prior line of cases holding that such sentences are void and require the court to engage in a de novo resentencing.

{¶32} Although Davis was originally sentenced in 2005, he was resentenced, pursuant to our remand, in August of 2006. Accordingly, under *Singleton*, Davis' August 2006 resentence was not void and the court was required to apply the procedures set forth in R.C. 2929.191. Consequently, the sentencing hearing was, as the court indicated, not a de novo hearing but a ministerial act to create a new journal entry with the addition of the corrected language noting that post-release control was mandatory.

{¶33} Somewhat complicating this issue is the fact that the trial court, although stating that the hearing was a formality, in fact went through the familiar motions of a de novo sentencing hearing. At least in form, the hearing went beyond the scope of that prescribed by R.C. 2929.191. However, the substantive result of the hearing, i.e., the

judgment entry, indicates the trial court followed the dictates of R.C. 2929.191. Had the trial court actually changed an aspect of the sentence other than the addition of post-release control, the court would have acted without jurisdiction and our opinion here would be different. Here, Davis did not face a substantial risk of prejudice because the court was limited to adding the words "mandatory" to the imposition of post-release control, which it was required to do in the first place, i.e., the court did not have the authority to make any other substantive changes to the already-imposed sentence.

{¶34} Thus, we hold that there is no arguable merit to appointed counsel's proposed arguments that Davis was denied the assistance of counsel and that Davis' earlier sentence was "void."

### B. Pro Se Assignments of Error

{¶35} In his first pro se assignment of error, Davis argues that the trial court abused its discretion for a number of reasons, all of which he claims were "raised at the hearing." First, Davis claims that the court abused its discretion by not granting him a lesser sentence under the authority of *State v. Bolton* (2001), 143 Ohio App.3d 185, 757 N.E.2d 841. In his written statement at resentencing, Davis argued that *Bolton* held that "upon resentencing, a defendant may not receive the same amount of time without denying him statutory provisions of law." After reviewing *Bolton* we believe that Davis is arguing that the court failed to hold a de novo sentencing hearing, an argument similar to that proposed by appointed counsel.

{¶36} *Bolton* held that when an appeals court reverses and remands a sentence that is contrary to law, a trial court must "conduct a complete sentencing hearing upon resentencing a defendant." Id. at 189. However, as we indicated earlier in this opinion,

Davis was not entitled to a de novo sentencing hearing under *Singleton*. Rather, the scope of his hearing was limited by R.C. 2929.191 to the task of adding mandatory post-release control to his judgment entry. Accordingly, there is no arguable merit to this sub-argument.

**{¶37}** Next, Davis argues that the court abused its discretion by failing to hold an evidentiary hearing concerning his claim of innocence. Apparently, Davis is arguing that the court failed to grant him an evidentiary hearing on a motion that he filed in January 2010 for post-conviction relief under R.C. 2953.21. However, the judgment entry upon which this appeal is predicated did not deny post-conviction relief. And for that matter, it does not appear from the record that the court has yet ruled on Davis' motion for post-conviction relief. Accordingly, this sub-argument is also without arguable merit.

**{¶38}** Third, Davis contends that the court abused its discretion by not appointing him new counsel to pursue his claims for post-conviction relief. Again, this argument is unrelated to the resentencing judgment entry at issue in this appeal and there is no arguable merit to it.

**{¶39}** Fourth, Davis argues that the "trial court abused its discretion when it failed to continue the matter and investigate the laws and holdings which I raised to support that the trial court was violating the constitution, law and holdings of superior courts." We are uncertain of the exact nature of this argument but because we can discern no arguable flaws in the trial court's resentencing hearing, we see no arguable merit in this sub-argument.

**{¶40}** In his second proposed assignment of error, Davis contends that he was denied the effective assistance of counsel. Initially, he contends that trial counsel was

ineffective for failing to object to "other assignment of errors raised in this appeal at trial." Davis then cites certain portions of his trial record without explaining what acts or omissions by trial counsel amounted to ineffective assistance.

{¶41} These alleged errors occurred in the trial of this matter, not the second resentencing held nearly five years later. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶16. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue *** res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." Id. at ¶18, citing *State ex rel. Willys-Overland Co. v. Clark* (1925), 112 Ohio St. 263, 268, 147 N.E. 33. Davis' opportunity to raise these arguments concerning the efficacy of trial counsel occurred during his first direct appeal in 2005. Thus, he is barred by the doctrine of res judicata from raising them now. There is no arguable merit to this sub-argument.

{¶42} Next, Davis contends that counsel was ineffective at the resentencing hearing for "failure to object, permitting unlawful sentencing" and "failure to submit evidence to reverse a conviction of an innocent man." In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052.

**{¶43}** Because we have determined that there are no arguable assignments of error upon which Davis could predicate an appeal, counsel was not ineffective for "failing to object" and "permitting unlawful sentencing." Counsel cannot be deficient for failing to object on the basis of frivolous arguments. And, the resentencing hearing was not a post-conviction relief hearing. Thus counsel could not be deficient for failing to introduce new exculpatory evidence. Accordingly, this final potential assignment of error is without merit.

## V. Conclusion

**{¶44}** Having reviewed appointed counsel's and Davis' potential assignments of error and having independently discovered no arguably meritorious issues for appeal, we grant counsel's motion to withdraw, find this appeal wholly frivolous, and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**