[Cite as *State v. Waugh* , 2011-Ohio-1219.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA25 |
| | : | |
| vs. | : | **Released: February 16, 2011** |
| | : | |
| JOHN D. WAUGH, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

David Reid Dillon, South Point, Ohio, for Defendant-Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and Robert C. Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for Plaintiff-Appellee.

_____

McFarland, J.:

{¶1}    Defendant-Appellant, John D. Waugh, appeals the decision of the Lawrence County Court of Common Pleas revoking his community control sanctions and sentencing him to three years in prison.  Waugh's appellate counsel, after reviewing the record below and consulting with his client, states he can find no meritorious claim for  an appeal and, pursuant to *Anders v. California*, requests permission to withdraw from the case.

{¶2}    Pursuant to *Anders*, counsel does, however, raise four potential assignments of error for us to consider: 1) the trial court did not

take into account the misconduct of staff members at Waugh's treatment facility; 2) the court's decision was against the manifest weight of the evidence; 3) there was a question as to the voluntariness of Waugh's statement admitting drug use; and 4) he had ineffective assistance of counsel. After a full examination of the record below, we find all four potential assignments of error to be wholly frivolous. As such, we grant counsel's request to withdraw and affirm the decision of the trial court.

## I. Facts

{¶3}    As part of a plea agreement, Waugh pleaded guilty to attempted  burglary, a third-degree felony. Through a judgment entry dated November 6, 2008, the trial court sentenced him to four years of community control sanctions. As part of those control sanctions, the trial court ordered Waugh to successfully complete a nine to twelve month drug treatment program at the New Beginnings treatment facility. The court further ordered him to authorize the Bureau of Community Corrections to monitor his progress at that facility. Waugh was also ordered to immediately report to Community Corrections upon his discharge from New Beginnings. Another of the control sanctions was that he not "use, own, possess or have immediate control of any type of controlled substance, drug, or narcotic, except on prescription by a physician." The court reserved jurisdiction to

impose a prison sentence if Waugh violated the terms of his community control sanctions.

{¶4}    Waugh was subsequently involuntarily discharged from New Beginnings in April 2010.  Community Corrections contacted him by phone, and gave him three days to report to their office.  Waugh failed to report as required, a capias was issued, and he was apprehended at his residence. Community Corrections then administered a drug screen and Waugh tested positive for OxyContin and marijuana.  Though he initially denied it, Waugh verbally admitted to drug use without proper medical authorization when presented with the results of his drug screen.  He also signed a written acknowledgement to that effect.

{¶5}    On April 26, 2010, the State moved to revoke Waugh's community control sanctions on the grounds that he had 1) failed to report to the Bureau of Community Corrections as required; 2) lied or intentionally misled probation officers; 3) used or possessed controlled substances; and 4) failed to pay court costs.  At his arraignment on these charges, Waugh stated his intent to contest his discharge from New Beginnings.  The State then withdrew its allegations concerning Waugh's involuntary discharge from the treatment program, but elected to proceed on the other grounds.

{¶6}    A community control sanctions revocation trial was held on May 5, 2010.  During trial, the State presented the testimony of two Community Corrections probation officers.  The officers testified that Waugh had failed to report to their office as required after he was dismissed from New Beginnings, that he had failed a drug screen after he was apprehended, that he had initially lied to them concerning his drug use, that he later verbally admitted to using drugs, and that he had failed to pay court costs as required.  The State also admitted into evidence Waugh's written statement admitting the use of OxyContin and marijuana.  Waugh presented no evidence in his defense.  The trial court subsequently sentenced him to serve three years in prison of the four year sentence the court had previously reserved.

## II. Potential Assignments of Error

First Potential Assignment of Error

> ALLEGATIONS OF MISCONDUCT ON THE PART OF STAFF AND PATIENTS AT THE TREATMENT FACILITY FROM WHICH DEFENDANT WAS DISCHARGED PRECLUDED ITS USE IN A MOTION TO REVOKE COMMUNITY CONTROL SANCTIONS.

Second Potential Assignment of Error

> THE DECISION OF THE COURT BELOW WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Third Potential Assignment of Error

> THE ISSUE OF THE VOLUNTARINESS OF THE WRITTEN ADMISSION OF DRUG USE WAS OF SUFFICIENT WEIGHT TO WARRANT REVERSAL OF THE COURT'S JUDGMENT.

Fourth Potential Assignment of Error

> THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL.

### III. Anders Brief

{¶7}     Waugh's appellate counsel has filed an *Anders* brief in this action.  Under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel may ask permission to withdraw from a case when he or she has conscientiously examined the record, can discern no meritorious claims for appeal and has determined the case to be wholly frivolous.  Id. at 744; *State v. Davis*, 4th Dist. No. 10CA9, 2010-Ohio-5294, at ¶10.  Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal.  *Anders* at 744; *Davis* at ¶10.  Further, counsel must provide the client with a copy of the brief and allow sufficient time for him or her to raise any other issues, if the client chooses to do so.  Id.

{¶8}     Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and

address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders* at 744; *State v. Duran*, 4th Dist. No. 06CA2919, 2007-Ohio-2743, at ¶7.

{¶9}    In the current action, Waugh's appellate counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders*, counsel has filed a brief raising four potential assignments of error for this court to consider. Though advised of his right to do so, Waugh did not file an additional pro se brief.

IV. First Potential Assignment of Error

{¶10}   The first potential assignment of error concerns allegations of misconduct on the part of the staff at New Beginnings. The State initially listed Waugh's involuntary discharge from New Beginnings, and his subsequent failure to report to Community Corrections, as a violation of his community control sanctions. However, before the matter came on for trial, the State dropped the issue as a cause for revocation. Further, the trial court neither mentioned Waugh's involuntary discharge from New Beginnings nor relied on that factor in issuing its decision. Accordingly, this potential assignment of error has no merit.

## V. Second Potential Assignment of Error

{¶11}   Waugh's second potential assignment of error is that the trial court's decision was against the manifest weight of the evidence.  When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Michael*, 4th Dist. No. 09CA887, 2010-Ohio-5296, at ¶21, quoting *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus.

{¶12}   Here, the State clearly presented substantial evidence to prove Waugh had violated his community control sanctions.  In fact, the testimony of the probation officers was conclusive and uncontested.  That testimony first established the conditions of Waugh's community control sanctions, including that he was not to possess or use illegal drugs.  The testimony then revealed Waugh had failed a drug screen, verbally admitted to using drugs, and signed a statement admitting he had used OxyContin and marijuana.  Further, that written statement, itself, was entered into evidence.  Again, Waugh failed to present any evidence rebutting or contradicting the probation officers' testimony.

**{¶13}**  In light of the above, there was substantial evidence for the trial court to reasonably conclude, beyond a reasonable doubt, that Waugh had violated the terms of his community control sanctions.  Accordingly, the trial court's decision was not against the manifest weight of the evidence and Waugh's third potential assignment of error has no merit.

### VI. Third Potential Assignment of Error

**{¶14}**  The third potential assignment of error questions the voluntariness of Waugh's written admission.  However, there is no evidence in the record to indicate that the admission was anything other than voluntary.  When he was apprehended, Waugh did initially deny that he had used illegal drugs, but after his drug screen detected the use of  OxyContin and marijuana, he quickly changed his story.  Probation officers testified that, at that point, he verbally admitted to using the drugs approximately two days prior.  Then, he signed the written drug admission statement acknowledging the same.  The officer's testimony and the written statement were uncontradicted at trial.  Accordingly, due to the complete lack of evidence suggesting Waugh's admission was involuntary, we overrule his third potential assignment of error.

### VII. Fourth Potential Assignment of Error

**{¶15}** Waugh's final potential assignment of error is that he had ineffective assistance of counsel. In order to establish ineffective assistance of counsel, an appellant must show that counsel's representation was both deficient and prejudicial. *State v. Miller*, 4th Dist. No. 10CA2, 2010-Ohio-3710, at ¶4; *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Deficient representation means counsel's performance was below an objective standard of reasonableness. *State v. Madden*, 4th Dist. No. 09CA883, 2010-Ohio-176, at ¶17; *Strickland* at 687-688; To show prejudice, an appellant must show it is reasonably probable that, except for the errors of his counsel, the proceeding's outcome would have been different. *Madden* at ¶18; *Strickland* at 694. "However, both prongs of this '*Strickland* test' need not be analyzed if a claim can be resolved under one prong." *Miller* at ¶4, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52.

**{¶16}** Here, we can find no evidence in the record indicating that, but for Waugh's trial counsel's errors, his community control sanctions would not have been revoked. As previous shown, the evidence was uncontested at trial that Waugh had 1) failed a drug screen; 2) verbally admitted to using drugs; and 3) executed a written statement acknowledging

the use of OxyContin and marijuana – directly in violation of his community control sanctions.  It light of such evidence, no alleged errors of counsel would have made it reasonably probable that the trial's outcome would have been different.  As such, his representation was not prejudicial and we overrule his final potential assignment of error.

## VIII. Conclusion

{¶17}   After conducting a full and independent examination of the record and proceedings below, we agree with Waugh's appellate counsel and conclude there are no meritorious issues for appeal.  Having reviewed the four potential assignments of error and having found the appeal to be wholly frivolous, we hereby grant counsel's motion to withdraw and affirm, in full, the decision of the court below.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Judge Matthew W. McFarland

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**