[Cite as *State v. Richardson*, 2017-Ohio-4441.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104958

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY NATHANIEL RICHARDSON

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603824-A

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road, Suite 405
Rocky River, Ohio 44116

**ALSO LISTED**

Gregory Nathaniel Richardson, pro se
Inmate No. 684-629
Mansfield Correctional Institution
1150 North Main Street
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Kristin M. Karkutt
          Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Gregory Nathaniel Richardson ("Richardson"), filed a notice of appeal of his convictions and sentence following a guilty plea. After reviewing the record, Richardson's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel. After a thorough review of the record, we grant counsel's request to withdraw and dismiss the appeal.

{¶2} Richardson was charged with one count of rape in violation of R.C. 2907.02(A)(1)(b), one count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b), one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), and one count of kidnapping in violation of R.C. 2905.01(A)(4). All counts alleged that the victim was less than ten years of age and included sexually violent predator specifications.

{¶3} Pursuant to a plea agreement, Richardson pleaded guilty to one count of gross sexual imposition and one count of abduction. The sexually violent predator specifications were deleted, and the state nolled the remaining charges. The trial court merged the two counts, and the state elected to proceed to sentencing on the gross sexual imposition charge, a high tier third-degree felony. The trial court sentenced Richardson to the maximum prison term of five years and classified him a Tier II sex offender.

{¶4} Richardson, pro se, filed a delayed appeal of the trial court's judgment. At Richardson's request, this court appointed counsel to represent him. Based on the belief

that no prejudicial error occurred in the trial court and that any grounds for appeal would be frivolous, Richardson's counsel filed a motion to withdraw pursuant to *Anders*.

{¶5} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), outline the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if counsel thoroughly studies the case and conscientiously concludes that an appeal is frivolous, he may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. However, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal." *Id*. Counsel must also furnish a copy of the brief to his client with sufficient time to allow the appellant to file his own brief, pro se. *Id*.

{¶6} Once these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to decide whether the appeal is "wholly frivolous." *Id*.; Loc.App.R. 16(C). If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978); *State v. Duran*, 4th Dist. Ross No. 06CA2919, 2007-Ohio-2743, ¶ 7. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id.*

**{¶7}** Although Richardson's counsel asserts that an appeal in this case is "wholly frivolous," he presents two potential issues for review; the court's Crim.R. 11 plea colloquy and the imposition of the maximum prison sentence.

### A. The Plea Colloquy

**{¶8}** Counsel advises that because Richardson was convicted by way of a guilty plea, the plea hearing should be reviewed for any errors. A defendant's guilty plea must be made knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his or her rights, both constitutional and nonconstitutional. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. *Id.*

**{¶9}** Counsel asserts that the trial court complied with the requirements of Crim.R. 11(C) and that Richardson knowingly, intelligently, and voluntarily entered his guilty pleas. We have conducted an independent examination of the record and also find that the trial court strictly complied with the dictates of Crim.R. 11(C) in accepting Richardson's plea. The trial court advised Richardson of his constitutional rights and the potential penalties he could receive, including postrelease control. The court also explained to Richardson that he would be classified as a Tier II sex offender as a result of

his convictions. Richardson indicated at the plea hearing that he understood the effect of his pleas. Therefore, any argument that the pleas were not entered knowingly, intelligently, and voluntarily would be frivolous.

## B. The Maximum Sentence

{¶10} Counsel asserts the second potential error that should be reviewed is whether the trial court abused its discretion by sentencing Richardson to the maximum sentence for his third-degree felony. Richardson pleaded guilty to gross sexual imposition, an upper tier third-degree felony and, as previously stated, the court sentenced him to a five-year, or 60-month, prison term.

{¶11} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7, 10. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support the trial court's findings under any relevant statutes, or (2) that the sentence imposed is contrary to law. *Id.* at ¶ 9.

{¶12} Even in those cases where the sentence imposed did not require any explicit statutory findings addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate

court finds by clear and convincing evidence that the record does not support the sentence." *Id.* In other words, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) not supported by the record or (2) is otherwise contrary to law. *Marcum* at ¶ 1; *see also State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217, ¶ 1.

{¶13} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. *See also State v. Brandenburg*, 12th Dist. Butler Nos. A2014-10-201 and CA2014-10-202, 2015-Ohio-2573, ¶ 8, *aff'd,* 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217.

{¶14} "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

{¶15} Although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to make any factual findings under R.C. 2929.11 or 2929.12 in open court and on the record. *State v. Mihalis*, 8th Dist. Cuyahoga No.104308, 2016-Ohio-8056, ¶ 39. Thus, a trial court's

imposition of a maximum prison term is not contrary to law as long as the court indicates that it considered the required sentencing factors in R.C. 2929.11 and 2929.12, sentenced the offender within the statutory range, and the record supports the sentence. *Id.*

{¶16} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶17} The trial court considered the statutory factors under R.C. 2929.11 and 2929.12 when it sentenced Richardson. The court's sentencing entry states that "the court considered all required factors of the law," and that "prison is consistent with the purpose of R.C. 2929.11." This court has held that a trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *Gonzalez* at ¶ 7. But we must nevertheless determine whether the record supports the sentence.

{¶18} At the sentencing hearing, the court commented on Richardson's extensive criminal record that included "numerous prison sentences," and a "history of probation violations and PRC violations." (Tr. 39.) A history of recidivism weighs in favor of

prison. R.C. 2929.12(D)(2). Moreover, the court found that Richardson's conduct was more serious than conduct normally constituting the offense because the victim was only eight years old at the time the sex offenses were committed. R.C. 2929.12(B)(1) provides that a young child victim is a factor "indicating that the offender's conduct is more serious than conduct normally constituting the offense." Based on the victim's tender age, the court concluded that Richardson's actions were "very deserving of a maximum five-year sentence." (Tr. 39.) Therefore, the record clearly demonstrates that the court considered the required statutory factors when it decided to impose the maximum sentence.

{¶19} Finally, Richardson's five-year prison term is within the statutory range for a high tier third-degree felony. R.C. 2929.14(A) governs basic prison terms and provides that the prison term for an high tier third-degree felony "shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2929.14(A)(3)(a). Thus, Richardson's five year, or 60-month, prison term was within the permissible statutory range for higher tier third-degree felonies.

{¶20} Richardson's sentence is not contrary to law and is supported by the record. And since the court complied with the requirements of Crim.R.11 when it accepted Richardson's guilty pleas, there are no meritorious grounds for appeal. We, therefore, conclude that Richardson's appeal is wholly frivolous pursuant to *Anders*. Counsel's request to withdraw is granted, and the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR