[Cite as *State v. Kincaid*, 2025-Ohio-652.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                Nos. 114207 and 114208

    v. :

MICHAEL KINCAID, III, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-689484-A and CR-24-689295-A

---

### *Appearances:*

Britt Newman, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Michael Kincaid ("Kincaid"), filed a notice of appeal of his convictions and sentence following guilty pleas in two separate cases. Kincaid's appointed counsel then filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking leave to withdraw as counsel. After a thorough, independent review of the record, we grant counsel's request to withdraw and dismiss the appeal.

{¶ 2} In Cuyahoga C.P. No. CR-24-689295-A, Kincaid was charged with one count of felonious assault in violation of R.C. 2903.11(A)(1) and three counts of strangulation in violation of R.C. 2903.13(B)(1), (B)(2), and (B)(3). In Cuyahoga C.P. No. CR-24-689484-A, Kincaid was charged with one count of burglary in violation of R.C. 2911.12(B), one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), one count of telecommunications harassment in violation of R.C. 2917.21(A)(3), and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(1).

{¶ 3} Kincaid and the State entered into a plea agreement that resolved both criminal cases. In CR-689295-A, Kincaid pleaded guilty to one count of strangulation in violation of R.C. 2903.18(B)(2) and the remaining counts were nolled. In CR-689484-A, Kincaid pleaded guilty to one count of burglary in violation of R.C. 2911.12(B) and one count of telecommunications harassment in violation of R.C. 2917.21(A)(3). The remaining counts were nolled.

{¶ 4} In CR-689484-A, the court sentenced Kincaid to one year in prison on his burglary conviction and six months in prison on his telecommunications harassment conviction in CR-689484-A, to be served concurrently. In CR-689295-A, the court sentenced Kincaid to a three-year prison term on his strangulation conviction, to be served consecutively to the one-year prison term imposed in CR-689484-A.

{¶ 5} Kincaid filed a timely notice of appeal. However, based on the belief that no prejudicial error occurred in the trial court and that any grounds for relief

would be frivolous, Kincaid's appellate counsel filed a motion to withdraw pursuant to *Anders*, 386 U.S. 738.

{¶ 6} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93 (8th Dist. 1978), outline the procedure attorneys must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if counsel thoroughly studies the case and conscientiously concludes that an appeal is frivolous, he may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. However, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal." *Id.* Counsel must also furnish a copy of the brief to his client with sufficient time to allow the appellant to file his own brief, pro se. *Id.*

{¶ 7} Once these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to decide whether the appeal is "wholly frivolous." *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Duncan*, 57 Ohio App.2d at 93-94; *State v. Duran*, 2007-Ohio-2743, ¶ 7 (4th Dist.). If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id.*

{¶ 8} Kincaid's counsel asserts that an appeal in this case is "wholly frivolous." However, in accordance with *Anders*, he raises the court's imposition of consecutive sentences as a potential issue for review.

{¶ 9} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) or (2) the sentence is "otherwise contrary to law."

{¶ 10} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note

that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 12} At the sentencing hearing in this case, the State played a surveillance video of Kincaid strangling the victim. The video showed that the victim was unarmed and that she quickly collapsed unconscious from the strangulation. The State also played a surveillance video of the later incident when Kincaid broke into the victim's home by kicking in her side door. Based on the information provided in the presentence-investigation report and the surveillance videos, the court determined that consecutive sentences were necessary to punish Kincaid and to protect the public. The trial court recited Kincaid's lengthy criminal history and made the following statements on the record when imposing consecutive sentences:

> According to 2929.14(C), the consecutive sentence is necessary to protect the public from future crime. It's also necessary to punish you and it is not disproportionate to the seriousness of your conduct as this video quite clearly revealed — with a woman you were concerned whose life you had taken or seriously harmed, it is not disproportionate to the danger that you pose to the public.

Also, that you committed one or more of these offenses while under sanction, that being post-release control. One offense occurred — it's hard to tell to your attorney's point exactly how far apart they were in time, but your history of criminal conduct does demonstrate that consecutive terms are necessary to protect the public from future crime by you.

(Tr. 56-57.)

{¶ 13} The trial court made the findings required by R.C. 2929.14(C)(4) both at the sentencing hearing and in its judgment entry. Our review of the record confirms that the court's findings are supported by the record. Kincaid's sentence is also not contrary to law. There are, therefore, no meritorious claims of error with respect to Kincaid's consecutive sentence.

{¶ 14} We also reviewed the transcript of the plea. It shows that the trial court complied with the requirements of Crim.R. 11 when it accepted Kincaid's guilty pleas. After independently reviewing the record, we find no meritorious grounds for appeal. Pursuant to *Anders*, counsel's request to withdraw is granted, and the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)