*264
 
 Kinkade, J.
 

 The parties interested in this, action are the Willys-Overland Company, referred to herein as the company, Frank Parker, referred to herein as Parker, and the Industrial Commission of Ohio, referred to herein as the Commission. Dates are not material, and will be omitted.
 

 The company had duly undertaken to pay direct to its own employes compensation found to be due them under the Workmen’s Compensation Law (den. Code, Sections 1465-37 to 1465-108) for injuries received in the course of employment. Parker was an employe of the company. He made application to the Commission for an award to cover an injury which he alleged he had sustained in the course of his employment. The Commission considered his application and rejected his claim. Parker appealed from the decision of the Commission to the court of common pleas. The case was heard upon evidence in the common pleas court before a jury, and the jury returned a general verdict in favor of the company. Judgment was entered upon that verdict in favor of the company. Parker did not prosecute error to the Court of Appeals. The judgment so entered in the common pleas court, still stands in full force and effect.
 

 At a later date Parker, wholly ignoring the judgment so rendered against him, filed an application with the Commission for a rehearing of the same claim. The company filed an answer to this application before the Commission, setting up the judgment of the court of common pleas. No reply to this answer was filed by Parker. The Commission, with full knowledge that the judgment was
 
 *265
 
 in full force and effect, also ignored the judgment, considered the application, granted the motion for a rehearing, and upon rehearing made an award upon the same claim in favor of Parker.
 

 Thereupon the company instituted this action in this court, praying for a writ of prohibition to restrain the Commission from taking further action in favor of Parker. The petition of the company filed in this court alleges the facts to be as here stated. The Commission demurs to the petition of the company on the ground that the petition fails to state sufficient facts to warrant this court in granting the company the relief prayed for, or any relief whatever.
 

 There is no dispute between the parties about the facts as here stated. The demurrer, of course, admits the facts to be as stated in the petition. The sole question in this case is: Does the judgment of the court of common pleas operate as a complete and final adjudication of all the issues between the company and Parker in relation to the alleged injury, which was the basis of the first application by Parker to the Commission, and which was the sole subject-matter of the appeal prosecuted by him in the court of common pleas ?
 

 The company contends that the doctrine of
 
 res judicata
 
 applies; that the judgment is a finality, and must be respected as such not only by Parker but by the Commission as well.
 

 The Commission contends that by reason of the provisions of Section 1465-86,. General Code, the courts must put such liberal construction upon the Workmen’s Compensation Law as will enable the Commission at all times to work out sub
 
 *266
 
 stantial justice, as the Commission sees it, between employe and employer, and that to this end the courts must hold that the Commission, after it once takes jurisdiction of a claim by an injured employe for compensation for an alleged injury, must continue to hold that jurisdiction unimpaired by any and all proceedings which may be had according to law in courts on appeal or on error. Surely no one will contend that such a construction of the law would be less than liberal so far as the continuing power of the Commission is concerned. An injured employe, if his claim be rejected by the Commission, may, under Section 1465-90, General Code, appeal to the court of common pleas, and there retry the issue, and, if dissatisfied with the judgment of the court there entered, he may carry the case to the Court of Appeals on error, and, if dissatisfied with the judgment of that court, he may, on leave, prosecute error to this court.
 

 The claim of the Commission in effect is that, after he shall have availed himself of all these remedies provided by law, if he still is dissatisfied with the results, he may proceed to treat all the judgments as nullities, return to the original source of power, the Commission, and there begin all over again, because overarching all these proceedings on appeal and error in the courts the continuing jurisdiction of the Commission has abided in his favor. In other words, his first appeal is to the courts to correct claimed wrongs done to him by the order of the Commission in rejecting his claim. His last appeal would be back to the Commission to correct claimed wrongs done to. him by the courts.
 

 
 *267
 
 It might be interesting to speculate as to what further method of .relief he would have sought if the Commission had declined to act on his last application. Perhaps he would then have appealed to the courts for a writ of mandamus to compel the Commission to act favorably upon his last application. If the argument made by counsel for the Commission be sound, then, if the finding on appeal had been in favor of Parker, the company and the Commission might have ignored that judgment, if so disposed, and defeated Parker’s rights as fixed by the verdict of the jury and the judgment of the court by having the Commission enter a new order again rejecting Parker’s claim. If the judgment on appeal adverse to Parker did not bind him, how could a judgment on appeal adverse to the company bind the company? If the jurisdiction of the Commission be continuous, the result on appeal cannot affect such continuing jurisdiction. The judgment will operate with the same force regardless of which party wins on appeal.
 

 Manifestly, the jurisdiction resting in the Commission by virtue of Section 1465-86, General Code, pending an appeal, is only a jurisdiction to he exercised in carrying into effect the final judgment of the court entered on appeal or on error, and such jurisdiction can have no force until set in operation by a remanding of the cause or a certifying of the result in court to the Commission, in order that the judgment as finally entered in court may be carried into execution by the agencies under the command of the Commission in
 
 *268
 
 more convenient form than this can be done by the officers of the court entering the judgment.
 

 Jurisdiction in a lower court or tribunal to aid and assist in executing the judgment of a higher court is a very different thing from jurisdiction to do that which is tantamount to a reversal of a final judgment entered by the higher court.
 

 The Commission is designed and equipped to carry into effect judgments entered in favor of those found entitled to relief under the Workmen’s Compensation Law, and the law should be liberally construed in this respect in favor of aiding the Commission in properly carrying out the purposes of its creation. This was very fully decided by this court in the case of
 
 Roma
 
 v.
 
 Industrial Commission, 97
 
 Ohio St., 247, 119 N. E., 461.
 

 Were we to sustain the demurrer in this case, we might as well announce that the doctrine
 
 res judioata
 
 is no longer of any force in the administration of justice. Withput this fundamental doctrine in full force and effect the proper enforcement of law would be quite impossible — there would be no end to any litigation. The demurrer will be overruled, and, there being no dispute between counsel as to the real facts in the case, judgment will be entered in favor of the company. The writ of prohibition will issue as prayed for.
 

 Writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, and Robinson, JJ., concur.