[Cite as *State v. Furr*, 2014-Ohio-1319.]

**[Please see amended opinion at 2014-Ohio-2138.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-04-066 |
| | : | O P I N I O N |
| - vs - | | 3/31/2014 |
| | : | |
| KONO R. FURR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-04-0562

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Kono R. Furr, appeals the decision of the Butler County Common Pleas Court overruling his motion to withdraw his guilty plea. For the reasons that follow, we reverse the trial court's decision and remand this cause for further proceedings consistent with this opinion.

{¶ 2}   In 2012, appellant was indicted on one count of burglary, a second-degree felony, and one count of possessing criminal tools, a fifth-degree felony.  Pursuant to a plea agreement, appellant pled guilty to an amended charge of third-degree burglary and the charge of possessing criminal tools was merged into the third-degree burglary charge.  The trial court sentenced appellant to three years in prison for his conviction on the third-degree burglary charge.

{¶ 3}   Less than a month after his sentencing, appellant moved to withdraw his guilty plea on the grounds that his attorney promised him he would receive probation; that he had no intention of pleading guilty to a third-degree felony for which he received a three-year prison sentence, which was the maximum sentence he was going to receive anyway; and that his attorney never discussed the sentencing guidelines with him.  The day after he filed his motion to withdraw his guilty plea, and without the trial court having ruled on said motion, appellant, acting pro se, filed a notice of appeal with this court from his conviction for third-degree burglary.  Approximately two weeks later, the state filed in the trial court a memorandum contra appellant's motion to withdraw his guilty plea, arguing that appellant's motion should be overruled without an evidentiary hearing because appellant failed to demonstrate a reasonable likelihood that allowing him to withdraw his guilty plea was necessary to correct a manifest injustice.

{¶ 4}   Appellant was subsequently appointed counsel to represent him in his appeal to this court.  Appellant, through his attorney, filed an appellate brief in which he argued, in his sole assignment of error, that the trial court erred when it refused to grant him a hearing on his motion to withdraw his plea.  The state moved to strike appellant's brief on the basis that it was "not based on a final appealable order, and therefore cannot be reviewed by this Court."  Specifically, the state argued that, by filing a notice of appeal with this court, appellant had divested the trial court of jurisdiction to rule on his motion to withdraw his guilty

plea and that appellant could not make the trial court's "non-ruling on the motion to withdraw a final appealable order." This court issued an entry ruling on the states' motion, as follows:

> [T]he court finds that it will be unable to consider the assignment of error appellant has raised because the motion to withdraw guilty plea has never been ruled upon. Further, the trial court is without jurisdiction to rule on the motion at the present time because this appeal has been filed. Accordingly, the motion to strike appellant's brief is GRANTED and this appeal is hereby DISMISSED, costs to appellant.

*State v. Furr*, 12th Dist. Butler No. CA2012-08-163 (Jan. 15, 2013) (Entry Granting Motion to Strike Appellant's Brief and Dismissing Appeal) (*Furr I*). Appellant filed an application for reconsideration, asking this court to remand the matter to the trial court for a decision on his motion to withdraw his guilty plea. This court denied, without comment, appellant's application for reconsideration.

{¶ 5} After this court dismissed appellant's appeal, the state filed in the trial court a "supplemental memorandum contra" appellant's motion to withdraw his guilty plea, arguing that appellant's motion should be overruled without an evidentiary hearing for the reasons set forth in its original memorandum contra appellant's motion and for the additional reason that the trial court lacked jurisdiction to rule on appellant's motion. In support of its latter argument, the state, citing *State v. Bregen*, 12th Dist. Clermont No. CA2010-06-039, 2011-Ohio-1872, argued the trial court was divested of jurisdiction over the matter when appellant filed his notice of appeal with this court and that the trial court did not regain jurisdiction after we dismissed appellant's appeal as this court's "ultimate action * * * was to dismiss, not remand" appellant's appeal.

{¶ 6} The trial court denied appellant's motion to withdraw his guilty plea, on the ground that appellant could have raised the claims and allegations he made in support of his motion in his direct appeal to this court but failed to do so, and therefore he was barred under the doctrine of res judicata from raising them in his post-sentence motion to withdraw his

guilty plea. The trial court also denied appellant's motion to withdraw his guilty plea on the alternative ground that it lacked jurisdiction to entertain the motion under *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94 (1978) and its progeny, including *State v. Allen*, 12th Dist. Warren No. CA2006-01-001, 2006-Ohio-5990 and *Bregen*.

{¶ 7} Appellant now appeals the trial court's decision denying his motion to withdraw his guilty plea, and assigns the following as error:

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED THE STATE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FIVE DAYS AFTER THAT MEMORANDUM WAS FILED AND BEFORE THE DEFENDANT HAD THE OPPORTUNITY TO RESPOND TO THAT MEMORANDUM.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT HELD THAT APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WAS BARRED BY RES JUDICATA AND BY THE LACK OF JURISDICTION.

{¶ 12} We need only address appellant's second assignment of error, since we find it dispositive of this appeal.

{¶ 13} In his second assignment of error, appellant argues the trial court erred in denying his motion to withdraw his guilty plea on the basis that he was barred from raising it by the doctrine of res judicata and on the alternative basis that it lacked jurisdiction to rule on the motion. We agree with appellant's arguments.

{¶ 14} Initially, the state concedes that the trial court erred in determining that it lacked jurisdiction to rule on appellant's motion to withdraw his guilty plea. The trial court was temporarily divested of jurisdiction to rule on appellant's motion to withdraw his guilty plea

when appellant filed his notice of appeal with this court. However, as the state now concedes, when this court dismissed appellant's appeal, the trial court regained jurisdiction to rule on appellant's pending motion to withdraw his guilty plea. See *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16 (1996) (even if attorney-fees matter had been raised in the prior appeals, once those appeals were dismissed, the trial judge possessed the jurisdiction to consider a motion filed by one of the parties); *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558 (1995) ("after appeal was dismissed, the court had jurisdiction to rule on the Civ.R. 60[B] motion" that was previously filed).

{¶ 15} Nevertheless, the state argues this court should affirm the trial court's denial of appellant's motion to withdraw his guilty plea based on the doctrine of res judicata, because (1) appellant's motion to withdraw his guilty plea is based on his claim that his trial counsel provided him with ineffective assistance of counsel, (2) appellant could have raised his ineffective-assistance claim in his direct appeal from his conviction, and (3) since he did not, appellant should be barred by res judicata from raising it now. We find the state's arguments unpersuasive.

{¶ 16} As stated in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 17-18:

> "Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal* from that judgment." (Emphasis added.) *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

> Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard. See *State ex rel. Willys-Overland Co. v. Clark* (1925), 112 Ohio St. 263, 268, 147 N.E. 33.

{¶ 17} The doctrine of res judicata does not apply to this case, and the trial court erred in finding that it did. First, neither the trial court nor this court issued a ruling on the merits of appellant's motion to withdraw his guilty plea. Indeed, in *Furr I*, 12th Dist. Butler No. CA2012-08-163, this court dismissed appellant's appeal on the basis that the trial court had not ruled on appellant's motion to withdraw his guilty plea.

{¶ 18} Second, in granting the state's motion to strike appellant's brief in *Furr I*, this court essentially found that appellant's appeal, in which he argued in his sole assignment of error that the trial court erred in not granting a hearing on his motion to withdraw his plea, was *premature*, because the trial court had not yet ruled on appellant's motion to withdraw his plea.

{¶ 19} Third, we disagree with the trial court's determination that it was obligated to deny appellant's motion to withdraw his plea, since this court's "ultimate action" in *Furr I*, was to dismiss appellant's appeal, and not to remand the matter to the trial court. In *Furr I*, this court found that it was unable to consider appellant's argument that the trial court erred in not granting a hearing on his motion to withdraw his guilty plea, because the trial court had never ruled on his motion to withdraw his guilty plea. We further noted that the trial court was divested of jurisdiction to rule on appellant's motion to withdraw because appellant had appealed the matter to this court. *Id.* Therefore, we granted the state's motion to strike appellant's brief and dismissed the appeal. *Id.* The plain meaning of our decision in *Furr I* to dismiss appellant's appeal was to allow appellant's motion to withdraw his guilty plea to be determined in the trial court where it should be. The trial court erred in determining otherwise.

{¶ 20} Finally, contrary to what the trial court found, and the state now argues, this is not a case where *all* the claims and allegations that appellant raises in support of his motion to withdraw his guilty plea could have been raised on direct appeal following his conviction.

Appellant's claims are that his trial counsel (1) promised him he would receive probation, (2) ignored his request to withdraw his guilty plea, and (3) failed to explain the sentencing guidelines to him. Appellant has also alleged "that he had no intention of pleading guilty to a third-degree felony in which he would receive three years" in prison. While appellant might have been able to raise on direct appeal from his conviction his claim "that he had no intention of pleading guilty to a third-degree felony" for "which he would receive three years" in prison anyway, he could not have raised the first three of his claims on a direct appeal from his conviction. In order to prove those claims, appellant necessarily will have to rely on evidence "dehors the record," i.e., outside the record, including evidence regarding his private consultations with his trial counsel. The trial court erred in denying appellant an opportunity to present such evidence to prove those claims. Therefore, we conclude that the trial court erred in overruling appellant's motion to withdraw his guilty plea on the basis of res judicata.

{¶ 21} In light of the foregoing, appellant's second assignment of error is sustained.

{¶ 22} Appellant's first assignment of error has been rendered moot by our disposition of his second assignment of error, and therefore we need not decide it. See App.R. 12(A)(1)(c).

{¶ 23} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this Opinion.

S. POWELL and PIPER, JJ., concur.