[Cite as *State v. Stein*, 2020-Ohio-721.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  10-19-04

    v.

SCOTT A. STEIN,                           **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 16-CRM-144

**Judgment Affirmed**

**Date of Decision:   March 2, 2020**

APPEARANCES:

    *Allen Vender* **for Appellant**

    *Matthew K. Fox* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Scott A. Stein ("Stein"), appeals the March 25, 2019 judgment of the Mercer County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} This court has previously recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Stein*, 3d Dist. Mercer No. 10-17-13, 2018-Ohio-2345, ¶ 1-16.

{¶3} Relevant to this appeal, on November 17, 2016, the Mercer County Grand Jury indicted Stein on ten counts: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(e), a first-degree felony; Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony; Counts Three through Six of having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), third-degree felonies; and Counts Seven through Ten of receiving stolen property in violation of R.C. 2913.51(A), (C), fourth-degree felonies. (Doc. No. 1). Count One included a major drug offender specification under R.C. 2941.1410(A) and a specification for forfeiture of an automobile in a drug case under R.C. 2941.1417(A). (*Id.*). Counts Three through Six contained a specification for forfeiture of a weapon while under disability under R.C. 2941.1417(A). (*Id.*).

{¶4} On May 24, 2017, the day that a jury trial was scheduled to commence, Stein asked the trial court to dismiss his court-appointed attorney due to a purported deterioration of the attorney-client relationship. (May 24, 2017 Tr. at 3-9). Among other professed grievances, Stein alleged that his trial counsel failed to file a number of motions despite his insistence that he would do so. (*Id.* at 4-5). Stein's trial counsel told the trial court that he did not file the motions because he believed the motions were frivolous. (*Id.* at 16-17). However, in an effort to preserve the attorney-client relationship, Stein's trial counsel orally moved the trial court for a continuance of the jury trial so that he could file the aforementioned motions. (*Id.* at 30-31). (*See* Doc. No. 147). The trial court granted the continuance of the jury trial. (May 24, 2017 Tr. at 30-34). (*See* Doc. No. 147).

{¶5} On June 12, 2017, Stein's trial counsel filed seven motions, including "Defendant's Motion #3: Motion to Suppress Evidence From Search of a Toyota Motor Vehicle and a Safe" ("Third Motion to Suppress"). (Doc. No. 149). On June 23, 2017, the State filed its response to Stein's Third Motion to Suppress. (Doc. No. 163). On August 7, 2017, Stein filed his reply to the State's response. (Doc. No. 177).

{¶6} On September 5, 2017, the trial court held a hearing on Stein's pending motions. (Doc. No. 216). Before the hearing, Stein's trial counsel dismissed Stein's Third Motion to Suppress over Stein's objection. (Doc. No. 216); (Sept. 5, 2017 Tr.

at 8-9, 11-15, 38-40). Following the hearing, the trial court denied Stein's remaining motions. (Doc. No. 216).

{¶7} On September 6, 2017, the State entered a nolle prosequi on Count Two and the specifications for forfeiture of a weapon relating to Counts Three, Four, Five, and Six. (Doc. No. 219). Following a trial on September 6-8, 2017, the jury found Stein guilty of Count One, Counts Four Through Six, and Counts Eight through Ten. (Doc. Nos. 235, 239, 240, 241, 243, 244, 245, 249). The jury also found Stein guilty of the specifications relating to Count One. (Doc. Nos. 236, 237, 249). The jury acquitted Stein of Counts Three and Seven. (Doc. Nos. 238, 242, 249). On September 29, 2017, Stein was sentenced to an aggregate term of 14 years' imprisonment. (Doc. No. 256). The prison term in this case was ordered to be served consecutively to his six-year prison sentence in a Logan County case for an aggregate term of twenty years' imprisonment. (*Id.*).

{¶8} On October 19, 2017, Stein filed a notice of appeal with this court. (Doc. No. 264). A new attorney was appointed for Stein's direct appeal. (Doc. No. 271). In his direct appeal, Stein argued, in part, that he received ineffective assistance of counsel. *Stein*, 2018-Ohio-2345, at ¶ 17. This court rejected Stein's arguments and affirmed the judgment of the trial court. *Id.* at ¶ 59. Stein appealed our decision to the Supreme Court of Ohio, and that court declined jurisdiction.

*State v. Stein*, 153 Ohio St.3d 1504 (Table), 2018-Ohio-4285, *appeal not accepted for review*.

{¶9} On November 27, 2018, Stein filed a petition for postconviction relief. (Doc. No. 305). In his petition for postconviction relief, Stein argued that his conviction and sentence are voidable because he was denied effective assistance of counsel when his trial counsel withdrew a meritorious motion to suppress, namely his Third Motion to Suppress. (*Id.*). Stein argued that additional evidence is now available that was not available at the time of his direct appeal that provides additional foundation that his Third Motion to Suppress would have been granted. (*Id.*). On December 7, 2018, the State filed its response. (Doc. No. 307).

{¶10} On February 15, 2019, the State filed a motion for summary judgment. (Doc. No. 312). In its motion for summary judgment, the State argued that Stein's petition for postconviction relief is barred by the doctrine of res judicata. (*Id.*). In its motion for summary judgment, the State conceded that the additional evidence Stein references in his petition for postconviction relief was not available during Stein's direct appeal; however, the State argued that this court's decision on appeal was based on the conclusion that Stein's trial counsel engaged in a strategic decision, independent of any lack of information in the record. (*Id.*). Specifically, the State argued that because it had to prove standing, including that Stein had some sort of ownership interest in the vehicle, that Stein's trial counsel made a strategic

decision to dismiss Stein's Third Motion to Suppress and thereby not concede an ownership interest in the vehicle containing contraband. (*Id.*). On March 1, 2019, Stein filed his response in opposition to the State's motion for summary judgment. (Doc. No. 313). Stein argued that his petition for postconviction relief is not barred by res judicata because additional evidence is available to support his Third Motion to Suppress that was not in the record at the time of the direct appeal. (*Id.*). Stein additionally contended that even if his trial attorney did initially withdraw the motion based on a strategic decision not to claim ownership of the vehicle, "that stopped being a reasonable strategy when Stein acknowledged ownership of the car in court." (*Id.*). On March 25, 2019, the trial court granted the State's motion for summary judgment on Stein's petition for postconviction relief without holding a hearing. (Doc. No. 314). The trial court found that Stein's petition for postconviction relief was barred by res judicata because this court had a sufficient basis upon which to conclude that Stein's trial counsel engaged in a reasonable trial strategy when he withdrew the Third Motion to Suppress. (*Id.*). The trial court also found that Stein did not sufficiently demonstrate that there is a reasonable probability of a different result if his trial counsel had not withdrawn the Third Motion to Suppress. (*Id.*).

{¶11} On April 22, 2019, Stein filed his notice of appeal. (Doc. No. 317). He raises one assignment of error.

## Assignment of Error

**Scott Stein received ineffective assistance of counsel because his attorney withdrew a meritorious motion to suppress evidence found in his Toyota Camry. Fourth, Sixth and Fourteenth Amendments to the United States Constitution; Sections 1 and 10, Article I of the Ohio Constitution; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); Evid.R. 403(A); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *State v. Hill*, 75 Ohio St.3d 195, 203, 661 N.E.2d 1068 (1996).**

{¶12} In his assignment of error, Stein argues that the trial court erred by granting the State's motion for summary judgment.

{¶13} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for postconviction relief:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The

petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶14} "The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Under R.C. 2953.21(D), "[b]efore granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief." *See State v. Brown*, 3d Dist. Allen No. 1-11-68, 2012-Ohio-2126, ¶ 6, citing *Calhoun* at 282-283; *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 22, citing *State v. Jones*, 3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 12.

> In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

R.C. 2953.21(D).

{¶15} "'[I]f the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing.'" *State v. Driskill*, 3d Dist. Mercer Nos. 10-07-03 and 10-07-04, 2008-Ohio-827, ¶ 13, quoting *Jones* at ¶ 14. "The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews* at ¶ 11, citing *Calhoun* at 284. Accordingly, "[w]e review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23, citing *State v. Banks*, 10th Dist. Franklin Nos. 10AP-1065, 10AP-1066, and 10AP-1067, 2011-Ohio-2749, ¶ 11. *See Driskill* at ¶ 14. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, ¶ 11.

{¶16} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party

is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶17} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

{¶18} Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, quoting *Anderson* at 251-252.

{¶19} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396-397 (1976), *vacated in part on other grounds*, *State v. Lytle*, 438 U.S. 910, 98 S.Ct. 3135 (Mem) (1978).

{¶20} Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting

*Strickland* at 694. If the petitioner cannot prove one of the elements, it is "unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

**{¶21}** In Stein's direct appeal, his fourth assignment of error used nearly identical language to his assignment of error in this appeal. *Stein*, 2018-Ohio-2345, at ¶ 17. With respect to the fourth assignment of error, this court stated:

> On appeal, Stein asserts that there is a reasonable probability that had appointed counsel moved forward with the motion, the contents of the Toyota Camry would have been suppressed. However, Stein's position is premised on pure speculation and a lack of foundation in the record that the motion would have been granted. Moreover, it is evident that appointed counsel made a strategic trial decision not to permit Stein to formally admit to ownership of the vehicle. As alluded to at the pre-trial hearing excerpted above, appointed counsel recognized that this case hinged upon the prosecution proving that Stein had possession of the 1,487 grams of methamphetamine and two stolen firearms found in the vehicle. Simply put, Stein fails to point to any portion of the record that would indicate that appointed counsel's decision not to concede ownership of the Toyota Camry and to withdraw the suppression motion was anything other than sound

trial strategy. Accordingly, we overrule the fourth assignment of error.

*Id.* at ¶ 37. In its judgment entry granting the State's motion for summary judgment, the trial court concluded that Stein's petition for postconviction relief is barred by res judicata because Stein makes the same argument here that he made in his direct appeal. (*See* Doc. No. 314).

{¶22} "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *Schwieterman*, 2010-Ohio-102, at ¶ 23, citing *State v. Wilson*, 3d Dist. Allen No. 1-08-60, 2009-Ohio-1735, ¶ 15, citing *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "'"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment."'" *Id.*, quoting *State v. Troglin*, 3d Dist. Union No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967). "'[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has

already received a full and fair opportunity to be heard.'" *Id.*, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925). "However, an ineffective assistance of counsel claim in a petition for postconviction relief is only barred by res judicata where the defendant was represented by new counsel on direct appeal, and where appellate counsel 'was in no way enjoined from asserting ineffective assistance of trial counsel.'" *Id.*, quoting *State v. Bradley*, 3d Dist. Union No. 14-08-27, 2008-Ohio-6071, ¶ 8, citing *State v. Cole*, 2 Ohio St.3d 112, 114 and fn. 1 (1982).

{¶23} Here, Stein was represented by new counsel on direct appeal. Stein's new counsel was not enjoined from asserting ineffective assistance of trial counsel, and, in fact, he actually did assert ineffective assistance of trial counsel in Stein's direct appeal.

{¶24} Nevertheless, Stein argues that his claim is not barred by res judicata because Defendant's A, B, and C, which he attached to his petition for postconviction relief, were not part of the record during his direct appeal. Defendant's Exhibits A and B are allegedly body camera footage from November 10, 2016, that depicts events prior to the issuance of the search warrant of the Toyota Camry. (*See* Defendant's Exs. A, B). Defendant's Exhibit C is allegedly the search warrant and affidavits in support of the search warrant for the Toyota Camry. (*See* Defendant's Ex. C). Stein argues that these exhibits provide a foundation in the

record that Stein's motion to suppress would have been granted if it had not been withdrawn.

{¶25} In a petition for postconviction relief which asserts ineffective assistance of counsel, the petitioner has the initial burden to submit evidence which demonstrates that counsel's performance was deficient and that appellant was prejudiced by counsel's deficiencies. *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980). "'Moreover, claims that could have been raised and fairly determined based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record.'" *State v. Ramos*, 11th Dist. Geauga No. 2007-G-2794, 2008-Ohio-3738, ¶ 28, quoting *State v. Young*, 10th Dist. Franklin No. 05AP-641, 2006-Ohio-1165, ¶ 7. "'[T]he evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. * * * [This may occur, for example, if the petitioner, after conviction, discovered facts that implied] the prosecutor improperly withheld favorable evidence to the accused.'" *Ramos* at ¶ 29, quoting *State v. Combs*, 100 Ohio App.3d 90, 97 (1st Dist.1994).

{¶26} Stein does not make an attempt to authenticate or otherwise identify the documents through sworn testimony, such as an affidavit. The only attempt to identify Defendant's Exhibits A, B, and C is in Stein's brief, not an affidavit. This bare allegation is insufficient to demonstrate substantive grounds for relief. *See*

*State v. Monroe*, 10th Dist. Franklin No. 04AP-658, 2005-Ohio-5242, ¶ 17. Stein makes no claim that his trial counsel failed to discover Defendant's Exhibits A, B, and C. Moreover, Stein does not argue that he could not have appealed the constitutional claim based on the information in the original trial record.

{¶27} Thus, because we do not have a proper foundation upon which to evaluate Defendant's Exhibits A, B, and C, we cannot evaluate the additional evidence and assign it weight. As we cannot properly consider Defendant's Exhibits A, B, and C, we are left with the same record and the same arguments that Stein made in his direct appeal. Stein's petition for postconviction relief is therefore barred by res judicata. Accordingly, the trial court did not err by granting summary judgment.

{¶28} Moreover, because the claims raised in Stein's petition are barred by res judicata, the trial court did not abuse its discretion by dismissing Stein's petition for postconviction relief without a hearing. *See State v. Workman*, 3d Dist. Auglaize No. 2-19-09, 2019-Ohio-5379, ¶ 16-17.

{¶29} Accordingly, Stein's assignment of error is overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**
**/jlr**