[Cite as *State v. Welch*, 2020-Ohio-5447.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

      Plaintiff-Appellee,                      :

                                    No. 19AP-753
v.                                                 :       (C.P.C. No. 94CR-5867)

Vincent Welch,                                     :       (REGULAR CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on November 25, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Vincent Welch*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Vincent Welch, appeals a decision and entry of the Franklin County Court of Common Pleas entered on October 8, 2019, denying on grounds of res judicata his motion to vacate what he characterizes as a void criminal judgment and also to permit him to withdraw his guilty plea. We find that Welch's motion, though not expressly captioned as such, is essentially a post-sentencing motion to withdraw his guilty plea. Because the appellate record currently before this Court (which does not include a transcript of Welch's plea hearing) indicates that Welch had previous opportunities to attempt to withdraw his plea and he did not take advantage of them, we agree with the trial court that his motion to withdraw his guilty plea is res judicata. We therefore overrule all of his assignments of error and affirm the trial court's judgment.

## I.  FACTS, PROCEDURAL HISTORY, AND CONTENTS OF THE APPELLATE RECORD

{¶ 2}   On October 14, 1994, a Franklin County Grand Jury indicted Welch for 3 counts of aggravated murder, 1 count of aggravated robbery, and 1 count of aggravated burglary, having participated in a robbery scheme that resulted in the death of Lisa Holliman.  (Oct. 14, 1994 Indictment.)  Initially, Welch pled "not guilty."  (Oct. 25, 1994 Plea Form.)  However, on January 29, 1996, it appears the trial court held a hearing both to accept Welch's guilty plea according to a plea bargain and to sentence him for his admitted crimes, being involuntary manslaughter and aggravated burglary.  (Jan. 29, 1996 Plea & Sentencing Tr., filed Dec. 5, 2019.)  The trial court sentenced Welch to prison for 5 to 25 years for these crimes and ordered that they be served concurrently with one another but consecutively to a federal sentence Welch was already serving.  (Jan. 30, 1996 Jgmt. Entry Fragment.)  The remaining counts of the indictment were dismissed.  *Id.*

{¶ 3}   The record on appeal does not indicate whether, in the period immediately following his plea, Welch filed a written motion to withdraw his plea, attempted to appeal, or successfully obtained a transcript of the plea and sentencing hearing.  However, after approximately 25 years, the records of the early proceedings in this case are fragmentary and difficult to read because of legibility issues.  There is an entry, dated March 19, 1996, stating that the transcript of the plea and sentencing hearing was, "ordered by the court, used by the Defendant or the Defendant's attorney (90% re-imbursed by the state Assigned Counsel Program)."  (Mar. 19, 1996 Tr. Fee for Indigent Def.)  The same entry thereafter provides, "[t]he court finds that the transcripts set forth or said statement is in fact, ordered for use in the case of an indigent person."  *Id.*  We presume a transcript of the hearing was created on the trial judge's order, but no transcript was docketed or appeared in the file until after the trial court reached its decision and Welch's appeal was filed.  From the docket, we cannot discern a reason for its not appearing before the trial judge reached its decision, either as a notation of being filed in the docket or as a file in the record.  And we are not able to discern for what purpose a transcript may have been ordered to be prepared from this more-than-two-decades-old record.

{¶ 4}   Nevertheless, we are limited to the record as it existed at the time the trial court rendered its judgment.  *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13, citing *Fifth Third Bank v. Fin. S. Office Partners, Ltd.*, 2d Dist.

No. 23762, 2010-Ohio-5638; *Cunningham v. Cunningham*, 5th Dist. No. 09-CA-25, 2010-Ohio-1397, ¶ 65; *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 15. *See also UAP-Columbus JV326132 v. Young*, 10th Dist. No. 09AP-646, 2010-Ohio-485, ¶ 32 ("Our review of summary judgment is limited solely to the evidence that was before the trial court at the time of its decision."). We cannot add matter to the record that was not before the trial court or consider evidence added to the record after the trial court's judgment. *Wiltz* at ¶ 13, quoting *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13; *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 5} The transcript of the plea and sentencing hearing was filed with the trial court on December 5, 2019. The decision and entry Welch appeals was rendered on October 8, 2019. (Oct. 8, 2019 Decision & Entry.) We cannot consider the transcript of the proceedings in Welch's case and then decide an appeal from the judgment based on a transcript that was not reviewed or used by the trial court judge in reaching its decision. *Wiltz* at ¶ 13, citing *Paasewe* at ¶ 15; *see also Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10-11 (2d Dist.) (refusing to consider a deposition filed with the trial court after the court rendered the judgment being appealed); *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. No. 05AP-593, 2006-Ohio-508, ¶ 13 (refusing to consider evidence adduced to support a motion for reconsideration when reviewing the underlying judgment).

{¶ 6} Moreover, the judge who issued the decision and entry reviewed in this appeal was not the same judge as the one who conducted the hearing in 1996. *Compare* Oct. 8, 2019 Decision & Entry (Judge Woods) *with* Jan. 30, 1996 Jgmt. Entry Fragment (Judge Millard). So, even if a trial judge could have fairly evaluated Welch's motion without a transcript, based on recall of the hearing, this particular judge was not in a position to do that, not having been the judge who took Welch's plea and sentenced him at the January 29, 1996 hearing. We thus cannot substantively consider a transcript that was not before the trial court in evaluating Welch's assignments of error. *Wiltz* at ¶ 13; *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 13-14. We therefore have not considered and will not consider language from the proceedings as detailed in the transcript.

{¶ 7}   In 2010, we denied a pro se attempt by Welch to belatedly appeal his sentence because Welch provided an insufficient explanation of the more-than-a-decade delay in appealing his case.  *State v. Welch*, 10th Dist. No. 09AP-914 (Jan. 14, 2010) (memorandum decision).  In the course of that denial, we noted that Welch indicated he had asked his trial counsel to appeal his case but was not sure if new counsel had been appointed or an appeal had been filed.  *Id.* at 2.

{¶ 8}   Approximately one month later in 2010, Welch sought to vacate the trial court's judgment against him as void.  (Feb. 23, 2010 Mot. to Vacate.)  He alleged it was defective in that it inaccurately stated that he pled guilty and failed to impose costs.  *Id.*  The trial court denied the motion.  (Mar. 24, 2010 Decision & Entry.)  Welch did not appeal.

{¶ 9}   Approximately nine years later, Welch filed a new motion to vacate, this time alleging that his plea was void and should have been withdrawn as a consequence of unfulfilled and unfulfillable promises made by the prosecution in the plea bargain.  (Apr. 5, 2019 Mot. to Vacate & Withdraw Plea.)  In this motion, he asserted that the defense and prosecution had jointly recommended that his state sentence run concurrently with his federal sentence but that the trial court had disregarded this joint recommendation.  He explained that the parties had agreed that, if the judge did not follow the recommendation, Welch was to have been permitted to withdraw his plea, but that this portion of the agreement was not honored and (in violation of the agreement) his plea was not withdrawn.  *Id.* at 3-4, citing and quoting Jan. 29, 1996 Plea & Sentencing Tr.

{¶ 10}   The trial court denied Welch's motion, reasoning that the nature of Welch's plea and sentence had been apparent since the time of sentencing in January 1996.  (Oct. 8, 2019 Decision & Entry at 2-3.)  The trial court found that Welch therefore had ample opportunity to appeal his sentence or file an appropriate motion, but apparently did not do so.  *Id.* at 2-3.  The trial court concluded that Welch's motion was barred by res judicata.  *Id.*

{¶ 11}   Welch now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 12}   Welch presents three assignments of error for our review:

> 1.  Does res judicata bar relief of a void plea deal induced by an illusionary promise made outside the scope of prosecution jurisdiction or authority to offer?

2. Does res judicata bar relief of a void plea, not made voluntarily when induced by an un-kept, unfulfilled or unfulfillable promise?

3. Does res judicata relieve the court of its mandatory statutory requirement to follow the requirements of Crim.R.11?

We construe Welch's questions or issues raised for review as assignments of error. Welch does not separately argue them, and thus, we likewise will review them together.

## III. DISCUSSION

{¶ 13} Welch argued in this latest motion at the trial level and continues to argue on appeal that the defense and prosecution had jointly recommended that his state sentence run concurrently with his federal sentence. (Welch's Brief at 9.) He explains that the trial court disregarded this joint recommendation and then the parties and the court compounded his problem by not honoring the plea agreement to permit him to withdraw his guilty plea. *Id.* Welch argues that his plea bargain has been broken, his plea was not knowing and voluntary, was void, and should have been withdrawn. *Id.* Essentially, though not clearly captioned as such, Welch's motion amounts to a post-sentencing motion to withdraw his guilty plea. Crim.R. 32.1.

{¶ 14} The Supreme Court of Ohio has recently explained how such motions are to be evaluated:

Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea to "correct a manifest injustice." * * *

"A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *Kreiner* at 208 and *Smith* at 264. The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay

> between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264, citing *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32.

*State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 13-15.

{¶ 15} We have previously explained the use of res judicata in criminal cases:

> [I]n criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Jackson*, 141 Ohio St. 3d 171, 2014-Ohio-3707, P 92, 23 N.E.3d 1023; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96, 1996 Ohio 337, 671 N.E.2d 233 (1996). Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated. *See State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 13.

*State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 9.

{¶ 16} Here, the trial court noted that the details of Welch's sentencing and plea bargain would have been known to Welch at the time of sentencing and that he had the opportunity to address those matters then by a motion to withdraw his plea or an appeal. (Oct. 8, 2019 Decision & Entry at 2.) In addition, though *Welch* has used the word "void" to describe the judgment against him, the record before us indicates no defect in jurisdiction that would have rendered the judgment "void" as opposed to merely "voidable." *State v. Harper*, ____ Ohio St.3d ____, 2020-Ohio-2913, ¶ 42. We therefore agree with the trial court that, on the record presented (which excludes consideration of the transcript), Welch had the opportunity to raise the problems with his plea and to appeal those issues, yet failed to do so. The trial court therefore correctly determined, given the record before it, that such issues were res judicata.

**{¶ 17}** We overrule Welch's three assignments of error and affirm.

## IV.  CONCLUSION

**{¶ 18}** On the record presented (which excludes consideration of the transcript), Welch had the opportunity to raise the problems he alleges with his plea and to appeal those issues, yet did not do so.  We affirm the trial court's holding that Welch's motion to withdraw his guilty plea was res judicata.  We therefore overrule his three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.