[Cite as *State v. Welch*, 2024-Ohio-2722.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-462 |
| v. | : | (C.P.C. No. 94CR-5867) |
| Vincent Welch, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 18, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, *Janet Grubb*, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Vincent Welch*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Vincent Welch, pro se, appeals the judgment of the Franklin County Court of Common Pleas, which denied Welch's postconviction motion to present a claim of ineffective assistance of counsel. For the following reasons, we affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} We have previously recounted this case as follows:

On October 14, 1994, a Franklin County Grand Jury indicted Welch for 3 counts of aggravated murder, 1 count of aggravated robbery, and 1 count of aggravated burglary, having participated in a robbery scheme that resulted in the death of Lisa Holliman. (Oct. 14, 1994 Indictment.) Initially, Welch pled "not guilty." (Oct. 25, 1994 Plea Form.) However, on January 29, 1996, it appears the trial court held a hearing both to accept Welch's guilty plea according to a plea bargain and to sentence him for his admitted crimes, being involuntary manslaughter and aggravated burglary. (Jan. 29, 1996 Plea &

Sentencing Tr., filed Dec. 5, 2019.) The trial court sentenced Welch to prison for 5 to 25 years for these crimes and ordered that they be served concurrently with one another but consecutively to a federal sentence Welch was already serving. (Jan. 30, 1996 Jgmt. Entry Fragment.) The remaining counts of the indictment were dismissed. *Id.*

* * *

In 2010, we denied a pro se attempt by Welch to belatedly appeal his sentence because Welch provided an insufficient explanation of the more-than-a-decade delay in appealing his case. *State v. Welch*, 10th Dist. No. 09AP-914 (Jan. 14, 2010) (memorandum decision). In the course of that denial, we noted that Welch indicated he had asked his trial counsel to appeal his case but was not sure if new counsel had been appointed or an appeal had been filed. *Id.* at 2.

Approximately one month later in 2010, Welch sought to vacate the trial court's judgment against him as void. (Feb. 23, 2010 Mot. to Vacate.) He alleged it was defective in that it inaccurately stated that he pled guilty and failed to impose costs. *Id.* The trial court denied the motion. (Mar. 24, 2010 Decision & Entry.) Welch did not appeal.

Approximately nine years later, Welch filed a new motion to vacate, this time alleging that his plea was void and should have been withdrawn as a consequence of unfulfilled and unfulfillable promises made by the prosecution in the plea bargain. (Apr. 5, 2019 Mot. to Vacate & Withdraw Plea.) In this motion, he asserted that the defense and prosecution had jointly recommended that his state sentence run concurrently with his federal sentence but that the trial court had disregarded this joint recommendation. He explained that the parties had agreed that, if the judge did not follow the recommendation, Welch was to have been permitted to withdraw his plea, but that this portion of the agreement was not honored and (in violation of the agreement) his plea was not withdrawn. *Id.* at 3-4, citing and quoting Jan. 29, 1996 Plea & Sentencing Tr.

The trial court denied Welch's motion, reasoning that the nature of Welch's plea and sentence had been apparent since the time of sentencing in January 1996. (Oct. 8, 2019 Decision & Entry at 2-3.) The trial court found that Welch therefore had ample opportunity to appeal his sentence or file an appropriate motion, but apparently did not do so. *Id.* at 2-3. The trial court concluded that Welch's motion was barred by res judicata. *Id.*

*State v. Welch*, 10th Dist. No. 19AP-753, 2020-Ohio-5447, ¶ 2-10.

{¶ 3} Welch appealed the trial court's decision and this court found Welch's motion was barred by res judicata, as "Welch had the opportunity to raise the problems with his plea and to appeal those issues, yet failed to do so." *Id.* at ¶ 16.

{¶ 4} On May 18, 2023, Welch filed another motion seeking postconviction relief based upon ineffective assistance of counsel. Welch argued that there was a reasonable probability that but for his counsel's error he would not have pled guilty and that his counsel failed to consult with him on filing an appeal of his conviction. On June 7, 2023, the Franklin County Court of Common Pleas issued a decision and entry denying Welch's motion. The trial court reasoned that Welch's postconviction relief motion was untimely under R.C. 2953.21(A)(2), which required Welch to file his motion not later than 365 days after the trial transcript was filed in the court of appeals. Welch, however, filed his motion 26 years late and did not show he qualified for any of the exceptions set forth in R.C. 2953.23(A). (June 7, 2023 Decision & Entry at 3.) The trial court also found that Welch's motion was barred by res judicata, as Welch has previously argued ineffective assistance of counsel. Welch now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Welch presents the following assignments of error for our review:

(1) Res judicata does not bar relief[.]

(2) Ineffective assistance of counsel: Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution[.]

(3) Trial Court abused its discretion: In violation of the Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution.

(Emphasis omitted.)

## III. LEGAL ANALYSIS

{¶ 6} Because they are closely intertwined, we consider Welch's assignments of error together. Welch argues that his motion is not barred by res judicata, as he was denied effective assistance of counsel when he pled guilty and was also denied effective assistance of counsel for seeking an appeal.

{¶ 7}  "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37, and *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).  "Res judicata applies to bar raising piecemeal claims in successive motions filed after the defendant is convicted." (Internal quotations and citations omitted.) *State v. Battin*, 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13.  "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue.  In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Saxon* at ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶ 8}  Here, we conclude that Welch's claims are barred by res judicata, as they could have been raised on direct appeal and yet were not.  Welch argues that res judicata only applies against prisoners who are represented by counsel.  However, an examination of the record indicates that Welch was, in fact, represented by counsel.  In the plea colloquy, Welch confirmed he had reviewed the plea deal with his attorneys.  Welch also confirmed that he was satisfied with his attorneys' performance, and his counsel attested to Welch's competency to understand the charges and the nature of the proceedings.

{¶ 9}  In his second assignment of error, Welch also repeats claims of ineffective counsel that he had made in his April 5, 2019 motion to vacate void judgment and to allow him to withdraw his guilty plea.  This court rejected those arguments in a memorandum decision. *State v. Welch*, 10th Dist. No. 09AP-914 (Jan. 14, 2010) (memorandum decision). This court noted that Welch filed the motion more than 13 years after his conviction and that Welch did not explain when he learned of the availability to file a motion for leave to appeal under App.R. 5(A), or the steps he took when he did learn of the availability to file a motion for leave to protect his rights.  The court noted that Welch proceeded to file his motion pro se and that "[a] pro se defendant is obligated to take affirmative steps to protect available appellate rights." *Id.* at ¶ 4, citing *State v. Wise*, 10th Dist. No. 05AP-1237, ¶ 5 (Jan. 12, 2006) (memorandum decision).

{¶ 10}  Welch also argues that the trial court erred by not allowing him to withdraw his plea because he answered "yes" to the trial court's question of "Has anybody made any threats or made any promises or made any offers of reward to you or indicated to you that

if you do plead guilty your sentence will be a specific sentence that is worked out and agreed to ahead of time to get you to plead guilty to these charges?" (Jan. 29, 1996 Tr. at 17.) We note, however, that the trial court judge then proceeded to make sure Welch understood that the judge bears the responsibility for passing Welch's sentence and the judge made no such agreement, which Welch confirmed he understood. Even assuming Welch's ineffective assistance of counsel claim had merit, he again should have raised it in a timely appeal or in a timely postconviction petition, and his current motion is therefore barred by res judicata.

{¶ 11} Accordingly, we overrule Welch's assignments of error and conclude his motion is barred by res judicata.

## IV. CONCLUSION

{¶ 12} For the reasons stated above, we overrule Welch's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and JAMISON, JJ., concur.

_____